J-S37001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AHMED MOSTAFA ELGAAFARY | : | |
| | : | |
| Appellant | : | No. 1255 EDA 2025 |

Appeal from the PCRA Order Entered April 15, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003891-2018

BEFORE:   DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                **FILED NOVEMBER 26, 2025**

Appellant, Ahmed Mostafa Elgaafary, appeals from the April 15, 2025 order entered in the Chester County Court of Common Pleas dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1]  This appeal follows a remand from this Court, as directed by the Pennsylvania Supreme Court, instructing the PCRA court to hold a hearing to address Appellant's claim of ineffective assistance of plea counsel.  After careful consideration, we are constrained to remand for the PCRA court to make findings of fact expressly addressing the precedent cited in the Supreme Court's order.  We additionally deny Appellant's counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-46.

The relevant facts and procedural history are as follows. The Commonwealth charged Appellant with Rape of an Unconscious Person and other charges relating to a February 9, 2018 rape during an Uber trip when the intoxicated victim was a passenger in Appellant's vehicle.

Relevantly, the Commonwealth offered Appellant a plea deal of 4 to 8 years of imprisonment in exchange for pleading guilty to Sexual Assault. Appellant declined the deal, after discussions with his then-counsel, Attorney Jonathan Altman. Appellant now claims that Attorney Altman failed to provide sufficient advice to Appellant regarding the plea, his likelihood of success at trial, and the applicable sentencing guidelines. Notably, prior to and during trial, the Disciplinary Board was investigating Attorney Altman, culminating in the Supreme Court disbarring him on April 22, 2020.[2]

Days before trial, Attorney Melissa McCafferty entered her appearance as co-counsel for Appellant. On August 15, 2019, after a four-day trial, the jury found Appellant guilty of Rape of an Unconscious Person, Sexual Assault, Indecent Assault of an Unconscious Person, and Indecent Assault without Consent. Prior to sentencing, Attorney John McMahon entered his appearance as Appellant's counsel.

On December 17, 2019, the trial court sentenced Appellant to an aggregate term of 7 to 20 years of incarceration. The court did not find him

_____

[2] **Off. of Disciplinary Couns. v. Altman**, 228 A.3d 508 (Pa. 2020). Despite his eventual disbarment, we will refer to counsel as "Attorney Altman" as he was a licensed attorney while representing Appellant.

to be a sexually violent predator. On October 12, 2021, this Court affirmed his judgment of sentence.[3] **_Commonwealth v. Elgaafary_**, 266 A.3d 630 (Pa. Super. 2021) (unpublished decision). Appellant did not seek allowance of appeal in the Supreme Court.

On September 20, 2022, Appellant filed a timely, counseled PCRA petition claiming Attorney Altman's ultimate disbarment resulted in _per_ se ineffectiveness of counsel as it was "tantamount to having no counsel at all[.]" PCRA Pet., 9/20/22, at ¶ 33. Alternatively, Appellant asserted that he suffered actual prejudice during plea negotiations, alleging that Attorney Altman "failed to competently represent [Appellant] by significantly minimizing the risk of conviction at trial in discussions with [Appellant], and in failing to explain to [Appellant] the likelihood that he would receive a sentence in the aggravated range of the sentencing guidelines or even a sentence above the sentencing guidelines, given the particularly egregious alleged facts of the case." **_Id._** at ¶¶ 35-37. Appellant claimed that if he had been aware of the details of the Disciplinary Board proceedings, then he "would not have relied upon or trusted in Mr. Altman's advice[.]" **_Id._** at ¶ 38. Appellant averred that he "would not have rejected the Commonwealth's plea offer had he been properly advised by competent counsel of the risks, hazards, or prospects of proceeding to trial." **_Id._** at ¶ 39.

---

[3] This Court, however, vacated a portion of the trial court's order and remanded for further proceedings in accordance **_Commonwealth v. Torsilieri_**, 232 A.3d 567 (Pa. 2020). Appellant has not pursued that issue.

The PCRA court initially denied Appellant's petition without a hearing on January 18, 2023, and this Court affirmed. ***Commonwealth v. Elgaafary***, 313 A.3d 179 (Pa. Super. 2024) (unpublished decision).

The Pennsylvania Supreme Court vacated the affirmance and remanded to this Court "with instructions to remand to the trial court for a hearing on the petitioner's claim of ineffectiveness regarding plea advice, pursuant to ***Lafler v. Cooper***, 566 U.S. 156 [] (2012), and ***Commonwealth v. Steckley***, 128 A.3d 826 (Pa. Super. 2015)." ***Commonwealth v. Elgaafary***, 324 A.3d 445 (Pa. 2024). This Court vacated the PCRA court's January 18, 2023 order dismissing Appellant's PCRA petition and remanded to the PCRA court for an evidentiary hearing, reproducing the Supreme Court's order *verbatim*. ***Commonwealth v. Elgaafary***, 328 A.3d 525 (Pa. Super. 2024) (unpublished decision).

On remand, the PCRA court held a hearing on February 19, 2025, to address "trial counsel's alleged ineffectiveness regarding plea advice." PCRA Ct. Op., 4/15/25, at 2.[4] During the hearing, the court granted the Commonwealth's motion *in limine* to exclude, *inter alia,* testimony regarding Attorney Altman's disciplinary proceedings and disbarment, concluding that such discussion went beyond the Supreme Court's remand, which it viewed as

---

[4] The referenced document is the PCRA court's order denying Appellant's petition. The court presents its legal analysis in footnote 1, which spans several pages. For purposes of citation, we utilize the page numbers of the order, despite the footnote beginning on page 2.

limited to Attorney Altman's alleged ineffectiveness relating to the plea offer. N.T. PCRA Hr'g, 2/19/25, at 11-17.

On April 15, 2025, the PCRA court again dismissed Appellant's petition. On May 14, 2025, Appellant filed a notice of appeal. On May 23, 2025, the PCRA court appointed Attorney Scott J. Werner, Jr. as conflict counsel. On June 3, 2025, Attorney Werner filed a statement of intent to withdraw in lieu of filing a statement of errors pursuant to Pa.R.A.P. 1925(c)(4).

In this Court, Attorney Werner filed a Petition to Withdraw as Counsel as well as an "**Anders** Brief," which we will review under the **Turner/Finley** requirements.[5] **See** Pa.R.A.P. 1925(c)(4). Pursuant to **Turner**/**Finley**, PCRA counsel must submit a "no merit" letter or brief "[1] detailing the nature and extent of counsel's diligent review of the case, [2] listing the issues which the petitioner wants to have reviewed, [3] explaining why and how those issues lack merit, and [4] requesting permission to withdraw." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

"Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement

_____

[5] A brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), is the proper filing when attempting to withdraw from representation on direct appeal, whereas counsel seeking to withdraw from PCRA representation should file a letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). **See** Pa.R.A.P. 1925(c)(4). We, nevertheless, accept counsel's **Anders** brief in lieu of a **Turner/Finley** letter, "because an **Anders** brief provides greater protection to the defendant[.]" **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

advising petitioner of the right to proceed *pro se* or by new counsel." ***Id.*** (citation omitted). If counsel has satisfied these requirements, this Court then conducts an independent review of the merits, and if we agree, we will grant counsel's application to withdraw and affirm the denial of PCRA relief. ***Id.***

While Attorney Werner appears to have satisfied the technical requirements set forth above, he fails to address the seven issues, set forth below, that Appellant claims he sought to raise.[6] Attorney Werner raises only the question of "Are There Any Non-Frivolous Issues Preserved on Appeal?" ***Anders*** Br. at 8. As discussed below, we conclude that a remand is necessary for the PCRA court to address the precedent cited in the Supreme Court's initial remand order. Accordingly, we deny Attorney Werner's petition to withdraw. We direct the PCRA court on remand to assess whether new counsel should be appointed for Appellant.[7]

Appellant raises the following questions before this Court:

I. Was [A]ttorney Werner ineffective when he; (a) filed an ***Anders*** Brief instead of a ***Turner/Finley*** letter; (b) failed to argue or even mention, the holdings in ***Lafler v. Cooper***, [566 U.S. 156] (2012) and ***Commonwealth v. Steckley***, 12[8] A.3d 8[2]6 (Pa. Super. 2015); (c) failed to consider the seven issues identified by [Appellant] to determine if any of the issues could arguably

---

[6] Indeed, Appellant alleges that Attorney Werner did not inform Appellant of his appointment and that Attorney Werner did not respond to Appellant's letter setting forth the issues Appellant sought to raise. Appellant's Br. in Opp'n to ***Anders*** Br. at 7. We are not able to assess the validity of Appellant's claims.

[7] Appellant states that he "has no objections to Attorney Werner withdrawing from representing Appellant, and, in fact, prefers that Attorney Werner not represent Appellant." Appellant's Resp. to Att'y Werner's Pet. to Withdraw, 10/27/25, at 1.

support the appeal; (d) failed to provide a summary of the procedural history and facts that included the extremely important fact that the [District Attorney] filed a motion *in limine* that was granted by the [PCRA] court that resulted in [Appellant] not be[ing] permitted to introduce very relevant evidence; (e) failed to recognize that, [Attorney] Altman admitted at the evidentiary hearing, that he did not make any recommendation about whether or not [Appellant] should take the plea offer; (f) argued in the *Anders* Brief that "the PCRA court found the testimony of [A]ttorney Altman and [A]ttorney McCaff[erty] credible," when the court did not address their credib[i]lity[?]

II. Whether the Superior Court should remand to the [PCRA] court under *Commonwealth v. Greer*, 31[6] A.3d 623, 624 (Pa. 2024), so that the Defendant can raise a *Bradley* claim against current counsel[?]

Appellant's Br. in Opp'n to *Anders* Br. at 1 (some formatting altered). As referenced in subsection c of his first question, Appellant asserts that he identified the following seven issues for appeal:

1. Whether the [PCRA] court erred when it granted the Commonwealth's motion *in limine*, which greatly limited [Appellant's] ability to introduce evidence[?]

2. Whether the [PCRA] court erred when it held that [Appellant] had sex with the victim in the back seat of his Yukon, after she vomited, when in fact, she vomited after the sexual encounter took place[?]

3. Whether the [PCRA] court erred when it failed to give preclusive effect to the Supreme Court's findings of fact in the *Office of Disciplinary Counsel v. Altman*[?]

4. Whether the [PCRA] court erred when it held that [Attorney] Altman was not ineffective in representing [Appellant] regarding the District Attorney's plea offer of a 4[-]year minimum sentence for the crime of [S]exual [A]ssault, which is a felony 2[?]

5. Whether the [PCRA] court erred when it did not allow [Appellant] to be recalled to rebut [A]ttorney Altman's testimony[?]

6. PCRA counsel was ineffective when [Attorney] Altman tes[t]ified that he destroyed all records pertaining to his representation of [Appellant], when [Attorney] Altman was certainly aware that [Appellant] was going to file a PCRA that will [allege Attorney] Altman's ineffectiveness, since [Appellant] was found guilty at trial and hired another lawyer to replace [Attorney] Altman, and that [Appellant] will need those records to meet his burden of proving [Attorney] Altman's ineffectiveness, and that, as a result [Appellant] was prejudiced, but PCRA counsel failed to make a motion asking that the PCRA court infer that the destroyed evidence would have been unfavorable to [Attorney] Altman.

7. PCRA counsel was ineffective when she did not recall [Appellant] to rebut [Attorney] Altman's testimony regarding his advice to [Appellant] regarding the District Attorney's plea offer.

*Id.* at 11-12 (some formatting altered).

This Court reviews the dismissal of a PCRA petition to determine whether the record supports the PCRA court's determination and whether its order is otherwise free of legal error. *See Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). While we grant great deference to the PCRA court's findings of fact if supported by the record, we review the court's legal conclusions *de novo. See Commonwealth v. Smith*, 167 A.3d 782, 787 (Pa. Super. 2017); *Commonwealth v. Sandusky*, 324 A.3d 551, 564 (Pa. Super. 2024). Our "scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Reaves,* 923 A.2d 1119, 1124 (Pa. 2007) (citation omitted).

The Supreme Court summarized the requirements for obtaining relief under the PCRA:

[A petitioner] must establish, by a preponderance of the evidence, that [he] has been convicted of a crime under the laws of the

- 8 -

Commonwealth and is currently serving a sentence of imprisonment, 42 Pa.C.S. § 9543(a)(1), that [his] conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2), [including ineffective assistance of counsel], that [his] claims have not been previously litigated or waived, and that the failure to litigate the issues prior to or during trial was not the result of a rational, strategic or tactical decision by counsel.

*Commonwealth v. Rizor*, 304 A.3d 1034, 1051 (Pa. 2023).

To succeed on an ineffective assistance of counsel claim, an appellant generally must show that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). As we presume counsel provided effective representation, Appellant bears the burden of proving all three prongs, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

As directed by the Supreme Court, we recognize that a specific assessment of prejudice applies in cases where the defendant alleges that "counsel's ineffectiveness cause[d] a defendant to reject a plea offer." *Steckley*, 128 A.3d at 832 (summarizing *Lafler*, 566 U.S. 156); *see also Rizor*, 304 A.3d at 1054-55. As then-Judge, now-Justice Wecht explained in *Steckley*, "a post-conviction petitioner seeking relief on the basis that ineffective assistance of counsel caused him or her to reject a guilty plea must demonstrate the following circumstance:"

But for the ineffective advice of counsel there is a reasonable probability that [1] the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Steckley*, 128 A.3d at 832 (quoting *Lafler*, 566 U.S. at 164). A petitioner may satisfy "his burden under *Lafler* with 'his own self-serving statement' that he would have entered a guilty plea but for counsel's ineffectiveness[,]" in cases where the "the PCRA court finds the petitioner's testimony to be credible[.]" *Steckley*, 128 A.3d at 832. "[If] a petitioner's testimony is credible and uncontradicted, it may suffice to establish a reasonable probability that the petitioner would have accepted the prosecution's plea offer." *Id.* at 832-33. As recently stated by the Supreme Court, "[i]n the context of a plea offer rejected by a defendant, the defendant must show the outcome of the plea process would have been different with competent advice." *Rizor*, 304 A.3d at 1054 (citation and internal quotation marks omitted).

Despite the Supreme Court's explicit direction for the PCRA court to hold a hearing to address Appellant's claim of ineffectiveness regarding plea advice pursuant to *Steckley* and *Lafler*, our review of the hearing transcript fails to disclose any reference to the *Steckley/Lafler* standard. Moreover, the PCRA

- 10 -

court's order denying Appellant's petition also does not reference the cases cited in the Supreme Court's order.[8]

Accordingly, we are constrained to vacate the order dismissing Appellant's PCRA petition and remand for the PCRA court to apply the *Steckley*/*Lafler* standard and, if necessary, to hold an additional hearing. As stated above, we deny Attorney Werner's petition to withdraw, without prejudice for the PCRA court to reassess Appellant's representation on remand.

Petition to Withdraw denied. Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/26/2025

---

[8] While we recognize that the PCRA court found Appellant's testimony regarding the plea offer not credible, it is not clear from the court's order that it was applying the standard as directed by the Supreme Court. PCRA Ct. Op. at 4.